UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN GALLAGHER AKA AS REV.
RYAN SASHA-SHAI VAN KUSH,

                        Plaintiff,

-against-

DRUG ENFORCEMENT AGENCY, *et al.*,

                        Defendants.

19-CV-10988 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action on behalf of himself and the Shaivite Temple against the Drug Enforcement Agency and its agents under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80.[1] For the following reasons, this action is transferred to the United States District Court for the District of Colorado.

Under the FTCA's venue provision, FTCA claims against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Because Plaintiff does not reside in this district and he does not allege that any of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1402(b). Plaintiff is a resident of Colorado, where his claims apparently arose.[2] Accordingly, venue for this FTCA action lies in the District

---

[1] The United States is the only proper defendant in an FTCA action, not a federal agency or individual employees. *See* 28 U.S.C. § 2679(a), (b)(1); *Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 117 (S.D.N.Y. 2009).

[2] Plaintiff attaches to the complaint papers indicating that this action may be a supplement to cases he filed in the United States District Courts for the Northern District of Texas and the Northern District of Mississippi. Plaintiff is a frequent litigator who has filed multiple actions in various federal courts. He filed a similar complaint against the DEA and other agents in the United District Court for the Western District of Texas. *See The Shaivite Temple v. DEA*, No. 19-CV-01136(RP) (SH) (W.D. Tx. filed Nov. 18, 2019).

of Colorado, and this action is transferred to the United States District Court for the District of Colorado.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Colorado. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 13, 2019
        New York, New York

                                      COLLEEN McMAHON
                                    Chief United States District Judge